**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| KARRY PEREZ<br>Manteca, CA 95337, | ) Civil Action No. 0:19-cv-01735-JMC<br>)<br>) |
| JOHN FITZGERALD<br>Mullica Hill, NJ 08062, | )<br>)<br>) |
| KATHY CAPRON<br>Salisbury, NH 03628, | )<br>)<br>) |
| MARK WADE<br>Las Vegas, NV 89122, | )<br>)<br>) |
| JESSICA SHROPSHALL<br>Corona, CA 92882, and | ) **BRITAX CHILD SAFETY, INC.'S**<br>) **ANSWER TO PLAINTIFFS' CLASS**<br>) **ACTION COMPLAINT AND**<br>) **JURY DEMAND** |
| HADEL TOMA<br>Eastpointe, MI 48021 | )<br>)<br>) |
| on behalf of themselves and all others<br>similarly situated, | )<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| BRITAX CHILD SAFETY, INC., | )<br>) |
| Defendant. | )<br>) |

Defendant Britax Child Safety, Inc. ("Britax"), by and through its undersigned counsel, hereby submits the following Answer and Jury Demand (the "Answer") in response to Plaintiffs' Class Action Complaint (the "Complaint"). Each numbered paragraph in this Answer responds to the corresponding numbered paragraph of the Complaint. Britax denies any allegations, averments, contentions, or statements in the Complaint not specifically and unequivocally admitted in this Answer.

## PARTIES

1.     To the extent the allegations in Paragraph 1 constitute legal conclusions, no response is required.  To the extent a response is required, Britax denies the same.  Britax otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and those allegations are therefore denied.

2.     Britax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and those allegations are therefore denied.

3.     To the extent the allegations in Paragraph 3 constitute legal conclusions, no response is required.  To the extent a response is required, Britax denies the same.  Britax otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and those allegations are therefore denied.

4.     To the extent the allegations in Paragraph 4 constitute legal conclusions, no response is required.  To the extent a response is required, Britax denies the same.  Britax otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and those allegations are therefore denied.

5.     Britax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and those allegations are therefore denied.

6.     To the extent the allegations in Paragraph 6 constitute legal conclusions, no response is required.  To the extent a response is required, Britax denies the same.  Britax otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and those allegations are therefore denied.

7.     Britax admits that it is a South Carolina corporation with its principal place of business in Fort Mill, South Carolina.

## JURISDICTION AND VENUE

8.      The allegations in Paragraph 8 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 10.

11.     Britax denies the allegations in Paragraph 11 to the extent that Plaintiffs failed to provide Britax with reasonable or adequate notice of the alleged breach of any such purported warranties to the extent required by the laws of the home states of Plaintiffs and/or the home states of purported class members.

## FACTUAL ALLEGATIONS

12.     Britax admits that it designs, manufactures, and sells child safety technology, including car seats and strollers.

13.     Britax states that the webpage quoted in Paragraph 13 and cited in Footnote 2 to Paragraph 13 speaks for itself, and any attempt to characterize it is denied.  Britax denies the remaining allegations in Paragraph 13.

14.     Britax admits that B.O.B. Trailers, Inc. was acquired by and merged into Britax on December 13, 2011.  Britax further admits that B.O.B. Trailers, Inc. designed, manufactured, and sold strollers between 1997 and December 2011.  Britax states that the webpage cited in Footnote 3 to Paragraph 14 speaks for itself, and any attempt to characterize it is denied.  The remaining allegations in Paragraph 14 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the remaining allegations in Paragraph 14.

3

15.    Britax admits that since it acquired B.O.B. Trailers, Inc. in December 2011, Britax has designed, manufactured, and sold jogging strollers under the BOB brand name.  Britax denies the remaining allegations in Paragraph 15.

16.    Britax admits that between December 2011 and September 2015, it imported approximately 493,000 BOB brand strollers into the U.S. market.  Upon information and belief, Britax states that B.O.B. Trailers, Inc. imported and distributed an undetermined number of BOB strollers in U.S. commerce between 1997 and December 2011.  Upon information and belief, Britax further states that BOB strollers have been sold at mass retailers and independent stores nationwide for $200 to $699.  Britax states that the document cited in Footnote 4 to Paragraph 16 speaks for itself, and any attempt to characterize it is denied.  Britax denies the remaining allegations in Paragraph 16.

17.    Britax admits that BOB strollers are designed and marketed in part as jogging strollers that consumers can take running, hiking, or off-road.  Britax further admits that some BOB strollers were designed with a removable quick release mechanism and a front wheel fork assembly containing dropouts with secondary wheel retention devices to enable consumers to quickly detach and remove the front wheel by disengaging the quick release mechanism.  Britax denies the remaining allegations in Paragraph 17.

18.    Britax admits that it has received reports from some consumers who, contrary to the warnings and instructions provided for the BOB strollers, did not attach the quick release mechanism correctly and the front wheel detached during use, causing injury.  Britax specifically denies that this improper use of the BOB strollers constitutes a design or manufacturing defect. Britax denies the remaining allegations in Paragraph 18.

19.     Britax admits that BOB brand strollers designed with a dropout fork assembly and quick release mechanism that were manufactured and imported into U.S. commerce between 1997 and September 2015 include the following models: Revolution, Sport Utility Stroller, Sport Utility Stroller D'Lux, Ironman, Ironman Sport Utility Stroller, Sport Utility Stroller Duallie, Ironman Duallie, Revolution SE, Revolution Duallie, Revolution CE, Revolution 12" AW, Revolution Duallie 12" AW, Stroller Strides, Stroller Strides Fitness Stroller, Stroller Strides Fitness Stroller Duallie, Revolution SE Duallie, Stroller Strides Duallie, Revolution Pro, Revolution Pro Duallie, Revolution Flex, and Revolution Flex Duallie.  Britax denies the remaining allegations in Paragraph 19.

20.     Britax states that the article cited in Footnote 5 to Paragraph 20 speaks for itself, and any attempt to characterize it is denied.  Britax otherwise denies the allegations in Paragraph 20.

21.     Britax states that the news release quoted in Paragraph 21 and cited Footnote 6 to Paragraph 21 speaks for itself, and any attempt to characterize it is denied.  Britax otherwise denies the allegations in Paragraph 21.

22.     Britax admits that the U.S. Consumer Product Safety Commission ("CPSC") filed an administrative complaint against Britax on February 16, 2018.  Britax states that the news release cited in Footnote 7 to Paragraph 22 speaks for itself, and any attempt to characterize it is denied.  Britax denies the remaining allegations in Paragraph 22.

23.     Britax admits that Britax and CPSC entered a consent agreement on October 25, 2018 that resolved the allegations of the CPSC's administrative complaint.  Britax states that the consent agreement speaks for itself, and any attempt to characterize it is denied.  Britax denies the remaining allegations in Paragraph 23.

24.     Britax states that the article referenced in Paragraph 24 and cited in Footnote 9 to Paragraph 24 speaks for itself, and any attempt to characterize it is denied.  Britax denies the remaining allegations in Paragraph 24.

25.     Britax denies the allegations in Paragraph 25.

26.     Britax states that the webpage quoted in the subparts of Paragraph 26 and cited in Footnote 10 to Paragraph 26 speaks for itself, and any attempt to characterize it is denied.  Britax denies the remaining allegations in Paragraph 26, including all subparts thereof.

27.     Britax admits that it has marketed BOB strollers with videos.  Britax states that those videos and the video cited in Footnote 11 to Paragraph 27 speak for themselves, and any attempt to characterize them is denied.  Britax denies the remaining allegations in Paragraph 27.

28.     Britax admits that it has advertised and marketed BOB strollers.  Britax states that the BOB advertising and marketing materials speak for themselves, and any attempt to characterize them is denied.  Britax denies the remaining allegations in Paragraph 28.

29.     Britax states that the BOB advertising and marketing materials speak for themselves, and any attempt to characterize them is denied.  Britax denies the remaining allegations in Paragraph 29.

30.     Britax states that the BOB advertising and marketing materials speak for themselves, and any attempt to characterize them is denied.  To the extent Paragraph 30 alleges what customers believe, Britax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and those allegations are therefore denied.  Britax denies the remaining allegations in Paragraph 30.

31.     To the extent Paragraph 31 alleges on what Plaintiffs and purported class members reasonably relied, Britax lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 31, and those allegations are therefore denied.  Britax denies the remaining allegations in Paragraph 31.

31.    To the extent Paragraph 32 alleges what customers are willing to and do, Britax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and those allegations are therefore denied.  Britax denies the remaining allegations in Paragraph 32.

33.    Britax denies the allegations in Paragraph 33.

34.    Britax admits that Plaintiffs seek the relief requested in Paragraph 34, but denies that they are entitled to relief against Britax whatsoever.  Britax denies the remaining allegations in Paragraph 34.

## CLASS ALLEGATIONS

35.    Britax admits that Plaintiffs purport to bring this action on behalf of themselves and as a putative class action on behalf of others.  Britax denies that certification of any class is legally permissible or appropriate in this litigation.   Britax denies the remaining allegations in Paragraph 35.

36.    Britax admits that Plaintiffs seek certification of a nationwide class.  Britax denies that certification of any class is legally permissible or appropriate in this litigation.  Britax denies the remaining allegations in Paragraph 36.

37.    Britax admits that Plaintiffs seek certification of a California class.  Britax denies that certification of any class is legally permissible or appropriate in this litigation.  Britax denies the remaining allegations in Paragraph 37.

38.    Britax admits that Plaintiffs seek certification of a Michigan class.  Britax denies that certification of any class is legally permissible or appropriate in this litigation.  Britax denies the remaining allegations in Paragraph 38.

39.     Britax admits that Plaintiffs seek certification of a New Jersey class.  Britax denies that certification of any class is legally permissible or appropriate in this litigation.  Britax denies the remaining allegations in Paragraph 39.

40.     Britax admits that Plaintiffs seek certification of a New Hampshire class.  Britax denies that certification of any class is legally permissible or appropriate in this litigation.  Britax denies the remaining allegations in Paragraph 40.

41.     Britax admits that Plaintiffs seek certification of a Nevada class.  Britax denies that certification of any class is legally permissible or appropriate in this litigation.  Britax denies the remaining allegations in Paragraph 41.

42.     Britax denies the allegations in Paragraph 42.

### Numerosity

43.     Britax admits that BOB strollers were sold throughout the United States, including in California, Michigan, New Jersey, New Hampshire, and Nevada.  The remaining allegations in Paragraph 43 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the remaining allegations in Paragraph 43.  Britax further denies that Plaintiffs are members of any class or that certification of any class is legally permissible or appropriate in this litigation.

### Commonality

44.     Britax admits that BOB strollers were offered for sale throughout the United States. Britax states that the BOB advertising and marketing materials speak for themselves, and any attempt to characterize them is denied.  To the extent the allegations in Paragraph 44 allege that Plaintiffs purchased BOB strollers or what they paid, Britax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and those allegations are therefore denied.  The remaining allegations in Paragraph 44 constitute legal conclusions as to

which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 44.  Britax further denies that Plaintiffs are members of any class or that certification of any class is legally permissible or appropriate in this litigation.

45.    The allegations in Paragraph 45, including all subparts thereof, constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 45, including all subparts thereof.  Britax further denies that Plaintiffs are members of any class or that certification of any class is legally permissible or appropriate in this litigation.

## Typicality

46.     The allegations in Paragraph 46 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 46.  Britax further denies that Plaintiffs are members of any class or that certification of any class is legally permissible or appropriate in this litigation.

## Adequacy of Representation

47.    Britax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and those allegations are therefore denied.

48.    Britax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and those allegations are therefore denied.

## Requirements of Fed. R. Civ. P. 23(b)(3)

49.    The allegations in Paragraph 49 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 49.  Britax further denies that Plaintiffs are members of any class or that certification of any class is legally permissible or appropriate in this litigation.

50.    The allegations in Paragraph 50 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 50.  Britax further denies that Plaintiffs are members of any class or that certification of any class is legally permissible or appropriate in this litigation.

51.    The allegations in Paragraph 51, including all subparts thereof, constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 51, including all subparts thereof.  Britax further denies that Plaintiffs are members of any class or that certification of any class is legally permissible or appropriate in this litigation.

## Requirements of Fed. R. Civ. P. 23(b)(1) & (2)

52.    The allegations in Paragraph 52 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 52.  Britax further denies that Plaintiffs are members of any class or that certification of any class is legally permissible or appropriate in this litigation.

53.    The allegations in Paragraph 53 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 53.  Britax further denies that Plaintiffs are members of any class or that certification of any class is legally permissible or appropriate in this litigation.

54.    The allegations in Paragraph 54 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 54.  Britax further denies that Plaintiffs are members of any class or that certification of any class is legally permissible or appropriate in this litigation.

## ANSWER TO COUNT I

## UNJUST ENRICHMENT
### (All Classes)

55.    Britax repeats and realleges each and every admission, denial, and averment contained in Paragraphs 1–54 above with the same force and effect as if set forth fully herein.

56.    Britax admits that it has advertised and marketed BOB strollers.  Britax states that the BOB advertising and marketing materials speak for themselves, and any attempt to characterize them is denied.  To the extent Paragraph 56 alleges that Plaintiffs or purported class members were sold or purchased BOB strollers, Britax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and those allegations are therefore denied.  Britax denies the remaining allegations in Paragraph 56.

57.    To the extent Paragraph 57 alleges that Plaintiffs or purported class members were sold or purchased BOB strollers, Britax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and those allegations are therefore denied.  Britax denies the remaining allegations in Paragraph 57.

58.    Britax denies the allegations in Paragraph 58.

59.    Britax denies the allegations in Paragraph 59.

60.    To the extent Paragraph 60 alleges on what Plaintiffs or purported class members reasonably relied, Britax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and those allegations are therefore denied.  Britax denies the remaining allegations in Paragraph 60.

61.    To the extent Paragraph 61 alleges that Plaintiffs or purported class members purchased BOB strollers or what they paid, Britax lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 61, and those allegations are therefore denied. Britax denies the remaining allegations in Paragraph 61.

62.    Britax denies the allegations in Paragraph 62.

63.    Britax denies the allegations in Paragraph 63.

64.    Britax admits that Plaintiffs seek the relief requested in Paragraph 64, but denies that they are entitled to relief against Britax whatsoever. Britax denies the remaining allegations in Paragraph 64.

## ANSWER TO COUNT II

## BREACH OF EXPRESS WARRANTY
### (All Classes)

65.    Britax repeats and realleges each and every admission, denial, and averment contained in Paragraphs 1–64 above with the same force and effect as if set forth fully herein.

66.    Britax states that the model code cited in Paragraph 66, which is not a citation to the law of any state, speaks for itself, and any attempt to characterize it is denied. Britax otherwise denies the allegations in Paragraph 66.

67.    Britax states that the model code cited in Paragraph 67, which is not a citation to the law of any state, speaks for itself, and any attempt to characterize it is denied. Britax otherwise denies the allegations in Paragraph 67.

68.    Britax states that the model code cited in Paragraph 68, which is not a citation to the law of any state, speaks for itself, and any attempt to characterize it is denied. Britax otherwise denies the allegations in Paragraph 68.

69.    Britax states that the BOB advertising and marketing materials speak for themselves, and any attempt to characterize them is denied. Britax otherwise denies the allegations in Paragraph 69.

70.     Britax denies the allegations in Paragraph 70.

71.     Britax denies the allegations in Paragraph 71.

72.     To the extent Paragraph 72 alleges that Plaintiffs or purported class members purchased BOB strollers or what they paid, Britax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and those allegations are therefore denied.  Britax denies the remaining allegations in Paragraph 72.

73.     Britax denies the allegations in Paragraph 73.

74.     Britax denies the allegations in Paragraph 74.

75.     Britax admits that Plaintiffs seek the relief requested in Paragraph 75, but denies that they are entitled to relief against Britax whatsoever.  Britax denies the remaining allegations in Paragraph 75.

## ANSWER TO COUNT III

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (All Classes)

76.     Britax repeats and realleges each and every admission, denial, and averment contained in Paragraphs 1–75 above with the same force and effect as if set forth fully herein.

77.     Britax states that the model code cited in Paragraph 77, which is not a citation to the law of any state, speaks for itself, and any attempt to characterize it is denied.  Britax otherwise denies the allegations in Paragraph 77.

78.     Britax states that the model code cited in Paragraph 78, which is not a citation to the law of any state, speaks for itself, and any attempt to characterize it is denied.  Britax otherwise denies the allegations in Paragraph 78.

79.     Britax states that the model code cited in Paragraph 79, which is not a citation to the law of any state, speaks for itself, and any attempt to characterize it is denied.  Britax otherwise denies the allegations in Paragraph 79.

80.     The allegations in Paragraph 80 constitute a legal conclusion as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 80.

81.     The allegations in Paragraph 81 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 81.

82.     Britax denies the allegations in Paragraph 82.

83.     Britax denies the allegations in Paragraph 83.

84.     To the extent Paragraph 84 alleges that Plaintiffs or purported class members purchased BOB strollers or what they paid, Britax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and those allegations are therefore denied.  Britax denies the remaining allegations in Paragraph 84.

85.     Britax denies the allegations in Paragraph 85.

86.     Britax denies the allegations in Paragraph 86.

87.     Britax admits that Plaintiffs seek the relief requested in Paragraph 87, but denies that they are entitled to relief against Britax whatsoever.  Britax denies the remaining allegations in Paragraph 87.

## ANSWER TO COUNT IV

## VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200, *et seq.*

88.    Britax repeats and realleges each and every admission, denial, and averment contained in Paragraphs 1–87 above with the same force and effect as if set forth fully herein.

89.    The allegations in Paragraph 89 constitute a legal conclusion as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 89.

90.    Britax admits that BOB strollers were offered for sale in California.  Britax denies the remaining allegations in Paragraph 90.

91.    Britax denies the allegations in Paragraph 91, including all subparts thereof.

92.    Britax denies the allegations in Paragraph 92.

93.    Britax denies the allegations in Paragraph 93.

94.    Britax denies the allegations in Paragraph 94.

95.    Britax denies the allegations in Paragraph 95.

96.    Britax admits that Plaintiffs seek the relief requested in Paragraph 96, but denies that they are entitled to relief against Britax whatsoever.  Britax denies the remaining allegations in Paragraph 96.

## ANSWER TO COUNT V

## VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT CAL CIV. CODE § 1750, *et seq.*

97.    Britax repeats and realleges each and every admission, denial, and averment contained in Paragraphs 1–96 above with the same force and effect as if set forth fully herein.

98.     The allegations in Paragraph 98 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 98.

99.     The allegations in Paragraph 99 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 99.

100.    The allegations in Paragraph 100 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 100.

101.    Britax admits that BOB strollers were offered for sale in California.  Britax denies the remaining allegations in Paragraph 101.

102.    Britax denies the allegations in Paragraph 102, including all subparts thereof.

103.    Britax denies the allegations in Paragraph 103.

104.    Britax denies the allegations in Paragraph 104.

105.    Britax states that the BOB advertising and marketing materials speak for themselves, and any attempt to characterize them is denied.  To the extent Paragraph 105 alleges on what Plaintiffs or purported class members reasonably relied, Britax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and those allegations are therefore denied.  Britax denies the remaining allegations in Paragraph 105.

106.    Britax denies the allegations in Paragraph 106.

107.    Britax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and those allegations are therefore denied.

108.     Britax admits that Plaintiffs seek the relief requested in Paragraph 108, but denies that they are entitled to relief against Britax whatsoever.  Britax denies the remaining allegations in Paragraph 108.

### ANSWER TO COUNT VI

### VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT
### MICH. COMP. LAWS ANN. § 445.903, *et seq.*

109.     Britax repeats and realleges each and every admission, denial, and averment contained in Paragraphs 1–108 above with the same force and effect as if set forth fully herein.

110.     The allegations in Paragraph 110 constitute a legal conclusion as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 110.

111.     Britax admits that BOB strollers were offered for sale in Michigan.  Britax denies the remaining allegations in Paragraph 111.

112.     Britax denies the allegations in Paragraph 112, including all subparts thereof.

113.     Britax denies the allegations in Paragraph 113.

114.     Britax denies the allegations in Paragraph 114.

115.     Britax denies the allegations in Paragraph 115.

116.     Britax denies the allegations in Paragraph 116.

117.     Britax admits that Plaintiffs seek the relief requested in Paragraph 117, but denies that they are entitled to relief against Britax whatsoever.  Britax denies the remaining allegations in Paragraph 117.

## ANSWER TO COUNT VII

### VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT
### N.R.S. § 598, *et seq.*

118.    Britax repeats and realleges each and every admission, denial, and averment contained in Paragraphs 1–117 above with the same force and effect as if set forth fully herein.

119.    Britax admits that BOB strollers were offered for sale in Nevada.  Britax denies the remaining allegations in Paragraph 119.

120.    Britax denies the allegations in Paragraph 120.

121.    Britax denies the allegations in Paragraph 121.

122.    Britax denies the allegations in Paragraph 122.

123.    Britax states that the BOB advertising and marketing materials speak for themselves, and any attempt to characterize them is denied.  To the extent Paragraph 123 alleges on what Plaintiffs or purported class members reasonably relied, Britax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and those allegations are therefore denied.  Britax denies the remaining allegations in Paragraph 123.

124.    Britax denies the allegations in Paragraph 124.

125.    Britax denies the allegations in Paragraph 125.

126.    Britax admits that Plaintiffs seek the relief requested in Paragraph 126, but denies that they are entitled to relief against Britax whatsoever.  Britax denies the remaining allegations in Paragraph 126.

## ANSWER TO COUNT VIII

### VIOLATION OF THE NEW HAMPSHIRE CONSUMER PROTECTION ACT
### N.H. REV. STAT. ANN. § 358-A, *et seq.*

127.    Britax repeats and realleges each and every admission, denial, and averment contained in Paragraphs 1–126 above with the same force and effect as if set forth fully herein.

128.    The allegations in Paragraph 128 constitute a legal conclusion as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 128.

129.    Britax admits that BOB strollers were offered for sale in New Hampshire.  Britax denies the remaining allegations in Paragraph 129.

130.    Britax denies the allegations in Paragraph 130.

131.    Britax denies the allegations in Paragraph 131.

132.    Britax denies the allegations in Paragraph 132.

133.    Britax denies the allegations in Paragraph 133.

134.    Britax admits that Plaintiffs seek the relief requested in Paragraph 134, but denies that they are entitled to relief against Britax whatsoever.  Britax denies the remaining allegations in Paragraph 134.

**ANSWER TO COUNT IX**

**VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT**
**N.J. ANN. § 56:8-2, *et seq.***

135.    Britax repeats and realleges each and every admission, denial, and averment contained in Paragraphs 1–134 above with the same force and effect as if set forth fully herein.

136.    The allegations in Paragraph 136 constitute a legal conclusion as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 136.

137.    The allegations in Paragraph 137 constitute a legal conclusion as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 137.

138.    The allegations in Paragraph 138 constitute legal conclusions as to which no response is required.  To the extent a response is required, Britax denies the allegations in Paragraph 138.

139.    Britax states that the BOB advertising and marketing materials speak for themselves, and any attempt to characterize them is denied.  Britax otherwise denies the allegations in Paragraph 139.

140.    Britax denies the allegations in Paragraph 140.

141.    Britax denies the allegations in Paragraph 141.

142.    Britax denies the allegations in Paragraph 142.

143.    Britax denies the allegations in Paragraph 143.

144.    Britax admits that Plaintiffs seek the relief requested in Paragraph 144, but denies that they are entitled to relief against Britax whatsoever.  Britax denies the remaining allegations in Paragraph 144.

## PRAYER FOR RELIEF

Britax admits that Plaintiffs seek the relief requested in the paragraph titled Prayer for Relief, including all subparts thereof, but denies that they are entitled to relief against Britax whatsoever.

## DEMAND FOR JURY TRIAL

Britax demands a trial by jury.

## DEFENSES

Britax sets forth the following affirmative and other defenses without admitting or conceding that Britax carries the burden of proof with respect to those matters as to which, pursuant to law, Plaintiffs bear the burden. Britax reserves its rights to assert in the future such other and further defenses as may become available or apparent during pretrial proceedings.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Britax.

### SECOND DEFENSE

The Complaint fails to state facts sufficient to entitle Plaintiffs to any relief against Britax whatsoever.

### THIRD DEFENSE

Plaintiffs have failed to plead their claims with the particularity required by Federal Rule of Civil Procedure 9(b).

### FOURTH DEFENSE

Plaintiffs lack standing to assert some or all of the claims in the Complaint.

### FIFTH DEFENSE

Plaintiffs lack standing to represent putative class members in the classes they allege.

### SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because there was a disclaimer of any express or implied warranties.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to provide Britax with reasonable or adequate notice of the alleged breach of any such purported warranties.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs are not in privity with Britax.

## TENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, unclean hands, waiver, and estoppel.

## ELEVENTH DEFENSE

Plaintiffs' alleged damages were caused in whole or in part by misuse of the product or product component at issue by persons for whose conduct Britax is not responsible.

## TWELFTH DEFENSE

Plaintiffs' alleged damages were caused in whole or in part by the acts or omissions of third parties for which Britax is not responsible.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of contributory negligence and comparative fault.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs failed to exercise reasonable care and to mitigate damages.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by release.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred to the extent that any alleged damages have been paid by a third party.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by accord and satisfaction.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time that the product or product component was manufactured, marketed, and sold.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part to the extent that Britax did not manufacture the product or product component at issue.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred in whole or in part because any recovery from Britax would result in Plaintiffs' unjust enrichment.

**TWENTY-FIRST DEFENSE**

Plaintiffs' alleged damages are barred because of spoliation of evidence by Plaintiffs or other persons.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims are barred in whole or in part because Britax's conduct was not unlawful, unfair, or misleading.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred in whole or in part to the extent that they seek to impose liability based on conduct that is otherwise protected by statute.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because all of Britax's activities and conduct conformed to all state and federal statutes, regulations, and industry standards, based on the state of knowledge existing at the time that the product or product component was manufactured, marketed, and sold.

### TWENTY-FIFTH DEFENSE

Plaintiffs' alleged injuries and damages, if any, were caused in whole or in part by an alteration, change, unintended use, or misuse of the product or product component at issue.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims may be barred in whole or in part by Plaintiffs' assumption of the risk.

### TWENTY-SEVENTH DEFENSE

Any award of punitive damages against Britax in this case would be unconstitutional and in violation of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States, and the corresponding provisions of the Constitution of the State of South Carolina.

**WHEREFORE**, Britax prays that judgment be entered in its favor as follows:

1.  Dismissing with prejudice the Class Action Complaint and all claims and causes of action asserted therein;

2.  Granting Britax its costs, disbursements, and attorneys' fees in this action; and

3.  Granting Britax such other and further relief as the Court deems just and proper.

*{ Signatures on Next Page }*

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/John F. Kuppens
    John F. Kuppens
    Federal Bar No. 5026
    E-Mail:  john.kuppens@nelsonmullins.com
    Jay T. Thompson
    Federal Bar No. 09846
    E-Mail:  jay.thompson@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC 29201
    (803) 799-2000

    Samuel W. Outten
    Federal Bar No. 02943
    E-Mail:  sam.outten@nelsonmullins.com
    104 South Main Street / Ninth Floor
    Post Office Box 10084 (29603-0084)
    Greenville, SC 29601
    (864) 250-2300

    ARNOLD & PORTER KAYE SCHOLER LLP
    Lori B. Leskin (*admitted pro hac vice*)
    E-Mail:  lori.leskin@arnoldporter.com
    Matthew Sachs (*admitted pro hac vice*)
    E-Mail:  matthew.sachs@arnoldporter.com
    250 West 55th Street
    New York, NY 10019-9710
    (212) 836-8000

    Paige Hester Sharpe
    Federal Bar No. 13081
    E-Mail:  paige.sharpe@arnoldporter.com
    601 Massachusetts Ave, NW
    Washington, DC 20001-3743
    (202) 942-5000

    *Attorneys for Britax Child Safety, Inc.*

Columbia, South Carolina

August 19, 2019