## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | |
|---|---|
| KARRY PEREZ, JOHN FITZGERALD, KATHY CAPRON, MARK WADE, JESSICA SHROPSHALL, and HADEL TOMA, on behalf of themselves and others similarly situated, | Civil Action No. 0:19-cv-01735-JMC |
| Plaintiffs, | **[PROPOSED] ORDER** |
| vs. | |
| BRITAX CHILD SAFETY, INC., | |
| Defendant. | |

This matter having come before the Court on Joint Motion For Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion and Memorandum in Support of the Motion, the Class Action Settlement Agreement ("Settlement Agreement") between Karry Perez, John Fitzgerald, Kathy Capron, Mark Wade, Jessica Schropshall, and Hadel Toma ("Plaintiffs") and Britax Child Safety, Inc. ("Defendant", and, together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, and the Court being fully advised,

IT IS HEREBY ORDERED AS FOLLOWS:

1.    Capitalized terms used in this Preliminary Approval Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this action, Plaintiffs, the Class Members, and Defendant.

3.      The terms of the Settlement Agreement are preliminarily approved as fair, reasonable, and adequate.   There is good cause to find that the Settlement Agreement was negotiated at arms-length between the Parties, who were represented by experienced counsel.

4.      For settlement purposes only, the Court finds that the prerequisites to class action treatment under Rule 23—including numerosity, commonality and predominance, adequacy, and appropriateness of class treatment of these claims—have been preliminarily satisfied.  Provisional settlement, class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring class members are notified of the terms of the proposed Settlement Agreement, and setting the date and time of the Final Approval Hearing.

5.      The Court hereby certifies, for purposes of Settlement, the following Settlement Class:  all persons who owned a BOB Gear Jogging Stroller in the United States that was manufactured on or before September 30, 2015.  The "Settlement Class" excludes: (a)  counsel for Plaintiffs; (b) counsel for Britax; and (c) Britax's employees, shareholders, distributors, investors, owners, consultants, agents, servants, employees, representatives, joint venturers, general and limited partners, officers, and directors.

6.      Plaintiffs Karry Perez, John Fitzgerald, Kathy Capron, Mark Wade, Jessica Schropshall, and Hadel Toma are hereby appointed as Settlement Class Representatives.

7.      Gary E. Mason of Mason Lietz & Klinger LLP, Charles Schaffer of Levin Sedran & Berman LLP, and D. Aaron Rihn of Robert Pierce & Associates, P.C. are hereby appointed Settlement Class Counsel.

8.      The Court approves the emailing of Notice, as mutually agreed to by the Parties, to all consumers who have consented to receive information emails from BOB Gear.

9.      The Court orders that, no later than 30 days after entry of this Order, Defendant shall establish a Settlement website page (in both English and Spanish) that contains the Preliminary Approval Order, the Notice, the Settlement Agreement, and other relevant information regarding the Lawsuit as shall be ordered by the Court.

10.     The Court further orders that no later than five days after the Settlement website page is live, Britax shall send notice of the Settlement, which shall include links to the Settlement website page and the Educational Video, by email to consumers who have consented to receive information emails from BOB Gear.

11.     Defendant shall establish a toll-free telephone number that will provide the Settlement Class with access to pre-recorded information regarding the Settlement website page.

12.     The Court approves the objection process described by the Parties in the Settlement Agreement and orders:  any Settlement Class Member wishing to object to the Settlement Agreement shall submit a timely and written notice of his or her objection within 30 days from the date on which Notice commences.  The notice of objection shall state: (i) the objector's full name, address, telephone number, and email address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., a photo of the manufacturing codes on the affected BOB Stroller); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector; (v) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly

authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three years.  Notice must be filed with the Clerk of Court and served concurrently on Proposed Class Counsel Gary E. Mason, Mason Lietz & Klinger LLP, 5101 Wisconsin Avenue NW, Ste. 305, Washington, DC 20016; and counsel for Defendant, Lori B. Leskin, Arnold & Porter Kaye Scholer LLP, 250 West 55th Street, New York, NY 10019-9710, no later than 30 days from the date on which the Notice Program commences.

13.     Objections not filed and served in accordance with this Preliminary Approval Order shall not be received or considered by the Court.  No Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Preliminary Approval Order and in the Settlement Agreement are fully satisfied.  Any Class Member who does not make his or her objection to the Settlement in the manner provided herein, or who does not also timely provide copies to the designated counsel of record for the Parties at the addresses set forth herein, or who does not appear at the Final Approval Hearing, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

14.     Defendant shall pay all costs related to notice and administration of the settlement.

15.     This Court shall hold a Final Approval Hearing at _____ on _____, at the United States District Court for the District of South Carolina, Rock Hill Division, Courtroom _____.

16.     All proceedings in this action are stayed pending the Final Fairness and Approval Hearing.

17.    Plaintiffs' motion for final approval of the settlements and for approval of attorneys' fees, costs, and Plaintiffs' service awards shall be filed no later than 14 days prior to the Final Fairness and Approval Hearing.

**IT IS SO ORDERED.**

ENTERED:

_____         _____
Date                                        United States District Judge
                                            District South Carolina