IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| KARRY PEREZ, JOHN FITZGERALD, KATHY CAPRON, MARK WADE, JESSICA SHROPSHALL, and HADEL TOMA, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>BRITAX CHILD SAFETY, INC.,<br><br>                Defendant. | Civil Action No. 0:19-cv-01735-JMC<br><br>**ORDER** |

       This matter is before the court pursuant to Plaintiffs Karry Perez's, John Fitzgerald's, Kathy Capron's, Mark Wade's, Jessica Shropshall's, and Hadel Toma's ("Plaintiffs" or "Settlement Class Representatives") Motion for Final Approval of Class Action Settlement and Approval of Attorneys' Fees, Costs, and Service Awards (ECF No. 50). Plaintiffs request that the court enter an Order granting final approval of the class action Settlement involving Plaintiffs and Defendant Britax Child Safety, Inc. ("Defendant") as fair, reasonable, and adequate. This Motion is unopposed. (ECF No. 50-1 at 6.)

       After reviewing the Settlement Agreement, considering the Motion, and conducting a Final Approval Hearing, the court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

       For the reasons set forth below and stated more particularly in open court at both the Final Fairness Hearing and Preliminary Approval Hearing, the court **GRANTS** Plaintiffs' Motion for Final Approval of Class Action Settlement and for Approval of Attorneys' Fees, Costs, and Service Awards (ECF No. 50).

1

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Rule 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

**IT IS ON THIS 29th day of October 2020,**

**ORDERED** that:

1. The Settlement involves allegations in Plaintiffs' Class Action Complaint (ECF No. 1) that Defendant sold strollers with a defective "quick release" mechanism that caused injuries to Plaintiffs and the Class.

2. The Settlement does not constitute an admission of liability by Defendant, and the court expressly does not make any finding of liability or wrongdoing by Defendant.

3. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. On September 3, 2020 the court entered an Order that, among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of the Notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the class, appointed Plaintiffs as the Settlement Class Representatives, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d) set deadlines and procedures for objections; and (f) set the date for the Final Approval Hearing. (ECF No. 44.)

5.  In the Order Granting Preliminary Approval of Class Action Settlement, pursuant to Rule 23(b)(2) and 23(e), the court defined the Settlement Class for settlement purposes only. (*Id.* at 2.) The court defined the Settlement Class as follows:

> All persons who owned a BOB Gear Jogging Stroller in the United States that was manufactured on or before September 30, 2015.

(*Id.*) The Settlement Class specifically excludes: (a) counsel for Plaintiffs; (b) counsel for Defendant; and (c) Defendant's employees, shareholders, distributors, investors, owners, consultants, agents, servants, employees, representatives, joint venturers, general and limited partners, officers, and directors. (*Id.*)

6.  The court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and defines the Settlement Class as defined herein and in the Preliminary Approval Order, and finds that the Settlement is fair, reasonable, and adequate and meets the requirements of Rule 23(e).

7.  The court grants final approval of certification of the Settlement Class defined in the Notice as "all persons who owned or own a BOB Gear Jogging Stroller in the United States that was manufactured on or before September 30, 2015."

8.  The court designates Plaintiffs Karry Perez, John Fitzgerald, Kathy Capron, Mark Wade, Jessica Shropshall, and Hadel Toma as Class Representatives for the Settlement Class and Gary E. Mason of Mason Lietz & Klinger LLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and D. Aaron Rihn of Robert Pierce & Associates, P.C. as Settlement Class Counsel.

9.  The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

    a.  Defendant to maintain the optimization protocols for the BOB Gear Information Campaign through March 31, 2021;

3

      b.      Defendant to pay all Notice and Administration Costs;

      c.      Named Plaintiffs to seek a Class Representative Service Award from the court in the amount not to exceed $3,000.00 to each Named Plaintiff, and $18,000.00 in aggregate, to be allocated by the court; and

      d.      Plaintiffs' Counsel to make an application to the court for an award of attorneys' fees and costs in an amount not to exceed $150,000.00.

10. The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the court.

11. Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Service Awards have been provided to Settlement Class Members as directed by this court's Orders, and an affidavit demonstrating Defendant's compliance with the Notice Program has been filed with the court. (ECF No. 50-6.)

12. Defendant has confirmed that it timely sent and delivered the appropriate notices under 28 U.S.C. § 1715. (ECF No. 50-1 at 14.) There were no objections or comments from the government officials to whom those notices were directed.

13. The court finds that such Notice as approved in this court's preliminary approval order and carried out by Defendant, constituted the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).

14. As of the final date of the Objection Period, no Settlement Class Members have objected to the terms of the Settlement Agreement, including the award for fees, costs, and service awards.

15. The court has considered all the documents filed in support of the Settlement, all

matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the court.

16.     Having considered the request for a total aggregate amount of up to $18,000.00 in consideration of the service as the six Named Plaintiffs as Class Representatives, the court concludes that an award in the amount of $3,000.00 to each Class Representative is appropriate. No Settlement Class Member objected to this request.  Such awards are commonplace in class actions in this District and elsewhere.  The court finds that Class Representatives have earned these Service Awards by prosecuting this case, maintaining contact with counsel, assisting in the investigation of the case, remaining available for consultation, and answering counsel's many questions.

17.     Class Counsel have also requested attorneys' fees and costs.  No Settlement Class Member objected to this request. The court finds that $150,000.00 is reasonable in light of Counsel's lodestar and the results achieved for the Class and should be awarded.

18.     Defendant's actions under this Agreement shall constitute the full and final settlement of the litigation and Defendant shall have no further liability or obligation to any absent Settlement Class Member under this Agreement for any claims that arise or could have arisen out of the facts plead in the Complaint.  This release expressly exempts claims of absent Settlement Class Members for personal injury and personal property damage.

19.     The matter is hereby dismissed with prejudice and without costs except that the court reserves jurisdiction over the consummation and enforcement of the Settlement.

20.     In accordance with Rule 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay entry of final

judgment in this matter, and the Clerk is directed to file this Order as the final judgment in this matter.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 29, 2020
Columbia, South Carolina